CIV 20 1259 JD

In The United States District Court
Western District of Oklahoma

Quentin Nichols,
     Petitioner )
  -vs-                                      No: CF-05-3547
State of Oklahoma, )
     Respondent

Petition For Writ of Habeas Corpus
With Brief & Exhibits In Support

    This IS a First Impression Case, as in 200 years there has been no set of circumstances like those involved in this case.

    Jurisdiction is under 28 U.S.C. )( 2241 BECAUSE the United States Supreme Court has ruled on 7/9/20 that petitioner in being held in custody by an invalid State Court order from a State Court that the United States Supreme Court AND Congress has held had no jurisdiction to issue.

               THEREFORE,

    2254 requires custody by a lawful Court and order leaving 2241 as proper or 28 U.S.C. )( 1651, to COMPELL either an immediate hearing before a Court, OR an injunctive TYPE order compelling immediate release of petitioner from State custody.

    Many issues including Americans With Disabilities Act, Religious Freedom/Restoration Act, 1983 Civil Rights Act, International Law and Treaties between Indian Tribes AND the Geneva Convention and United Nations Rules will NOT be addressed in this petition EXCEPT to say they fully support GRANTING relief in this case.

               Fact One:

    Petitioner IS entitled to Habeas relief as McGirt Supra held 7/9/20 the State of Okla. HAS no jurisdiction to arrest, prosecute OR imprison this petitioner.

               Fact Two:

    The alleged criminal acts took place ON Indian Tribal Reservation land, INSIDE Indian

Territory as defined by Congress, Inside Indian Country as defined by Congress, AND as S,Ct. Has held in McGirt and 10th. Cir. Has held in Murphy, the U.S. S. Ct. upheld.

Fact Three:

State courts DENIE due process, DEFY United Supreme Court Orders and refuse to abide with their own rules, statutes and Constitution AND/OR The United States Constitution.

Fact Four:

The attached shows Okla. State Courts REFUSE to bring petitioner to Court for a hearing, rule on his pleadings AFTER state prosecutor under state law CONFESSED petitioner IS entitled to immediate release, (For State law, Federal Law AND Supreme Court rulings violations) and conceded Okla. State Courts, police, Judges HAVE no Jurisdiction in this case, therefore Respondents ignore McGirt & Murphy, and simply deny access to State Courts for any Jurisdictional, New ruling of retroactive law, or Supreme Court directive/order, claiming the State Court Judges DO NOT have to comply with or enforce any of them, OR address them in petitioners case.

IF the United States Supreme Court and U.S. Congress are to mean anything, are to have any power, or authority at all, THIS COURT must protect statehood charters, Treaties, Congressional Acts and Supreme Court rulings FOR ALL CITIZEN/RESIDENTS of America, and the first step SHOULD BE (is) granting relief in this case.

Proposition One

Under McGirt/Murphy, NO Okla. State Court had Jurisdiction to cause petitioners arrest on "Indian" land, for acts committed INSIDE an Indian reservation, inside Indian Country, inside Indian Territory, NORE to try him, or incarcerate him, THEREFORE has no jurisdiction to order his release, OR continue to keep him in life threatening incarceration (CORONA infected facility, infected by prison and jail guards, WITH no proper medical housing AFTER U.S. Government gave the State $ 90 million dollars to build one, AND they spent only $ 6 million, and the other $ 84 million

'disappeared'), AND lack of proper medical care, treatment/staff in Okla. State prisons AND Jails HAS resulted in hundreds of unnecessary deaths in last 3 years alone AS SHOWN by respondents own records ,

>THUS this 'MAY Be' a First Impression Case
>that needs to go To The U.S. Supreme Court

It is indisputable Respondents ARE refusing to address the issue, or release petitioner from their custody, AFTER admitting they have him incarcerated (Custody) without a valid Court order from a competent Court of law with jurisdiction to incarcerate him.

This material fact alone warrants this Courts jurisdiction And granting Habeas Relief, as there is NO other way to compel the State to comply with and enforce United States Supreme Court decisions and Acts of Congress other than voiding the Okla Statehood Charter Franchise., and reverting the entire land area BACK to Indian Nations territory.

>In Support see;

U.S. Const. Art. 1, 4, 5, 6, and 14 Amend. (Due Process/Equal Protection).
28 U.S.C. )( 1651
28 U.S.C. )( 2241
** 28 U.S.C. )( 2243
** 28 U.S.C. )( 2244 (Requiring a hearing)
Elrod -v- Buros, 96 S. Ct. 2673
U.S. -v- Bajakajian, 118 S. Ct. 2228
Lonchar -v- Supra, 116 S. Ct. 1293/-1303
U.S. -v- Hayman, 342 U.S. 250

>AND this Court has Jurisdiction also under:

Ex Parte Virginia, 100 U.S. 339 (1878)
Wick Wo -v- Hopkins, 6 S. Ct. 1064 (1886)

>SEE attached Exhibits

>Respondents ADMIT being in violation of:

U.S. Const. Art. 5, Cl. 2
Howlett -v- Rose, 496 U.S. 356
Khan -v- State, 93 F. 3d. 1358
Scheuer -v- Rhodes, 94 S. Ct. 1683
U.S. -v- Will, 101 S. Ct. 471

3

Cohens -v- Virgina, 19 (6 Wheat) 264
Cooper -v- Aaron, 78 S. Ct. 1401
Cooper -v- Oklahoma, 116 S. Ct. 1373
McGirt -v- Okla., SUPRA ( 7/9/20 )
Murphy, Supra )7/9/20)

AND ATTACHED.

(Not to mention in the 1930's ALL homesteaders land reverted back to Indian land WHEN Okla. Homesteads were abandoned and residents left the state, raising OTHER state-wide jurisdictional issues, going back to illegally moving the State Capitol, the land run , the illegal Dawes Act and other material facts).

To simply put these MATERIAL FACTS IN ORDER, this petitioner IS being held by respondents WITHOUT jurisdiction to do so, NO State court has jurisdiction to release him, or hear a Habeas, LEAVING only this Most Honorable Court to do so under the U.S. Constitution and Acts of Congress and U.S. Supreme Court.

Petitioner MOVES this Court to immediately issue a writ for respondents to bring him Before this Court with all their documents and records FOR an inquiry, without delay.

Verification, I, Quentin Nichols_____, under penalty of perjury verifies the above IS true, and that I an entitled to Habeas relief.

Dated: 11-7-2020                              Respectfully,

Certification of Mailing                     Quentin Nichols

Copies mailed to all parties.                #537723 St. Prison

___/___                                      at Hotel Charlie 104

                                             Sayer, Okla 73662

                                             _____ Okla.

**  NOTE**

Respondents had NOT yet tried or convicted petitioner BUT HAD already assigned him a State Prison number KNOWING he could not get a fair trial and would automatically be found guilty OR forced to plead guilty, THEREBY further supporting this Petition.