IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUENTIN NICHOLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-20-01259-JD |
| | ) |
| FNU COTTEN, Warden, | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

Before the Court is a Report and Recommendation [Doc. No. 15] issued by United States Magistrate Judge Amanda Maxfield Green on December 10, 2021, recommending that Petitioner Quentin Nichols's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be dismissed without prejudice for his failure to comply with a Court order to cure deficiencies in his petition.[1] Judge Green advised Mr. Nichols of his right to object to the Report and Recommendation by January 3, 2022, and that failure to timely object to the Report and Recommendation waives the right to appellate review of the recommended ruling. [Doc. No. 15 at 6].

Mr. Nichols failed to timely object to the Report and Recommendation or seek an extension of time to object.[2] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.

---

[1] The Court overruled Mr. Nichols's objection [Doc. No. 10] to the Order to cure [Doc. No. 9] by separate order. [Doc. No. 16].

[2] After the Court overruled Mr. Nichols's objection to the Order to cure, Mr. Nichols sought an extension of time to comply with Judge Green's Order to cure, which the Court granted. *See* [Doc. No. 17] (referencing compliance with the Order to cure [Doc. No. 9] and seeking an extension of time to comply with the Order to cure); [Doc.

1991) (explaining that the Tenth Circuit's "firm waiver rule" "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions"). With no objection being filed within the time limits, and with Mr. Nichols not curing the deficiencies in the petition, the Court accepts, adopts, and affirms the Report and Recommendation, and finds that this action should be dismissed without prejudice. *See also Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980), *cert. denied*, 450 U.S. 984 (1981) (holding trial court did not err in refusing to entertain a habeas action for failure of the petitioner to use appropriate forms and follow rules).

Moreover, based on events subsequent to the Report and Recommendation, dismissal is further appropriate based on Mr. Nichols's failure to timely comply with the Court's orders that allowed him an additional opportunity to cure the deficiencies in his petition. *See* [Doc. Nos. 16, 18]; *see also* Fed. R. Civ. P. 41(b) (permitting the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order");[3] *cf. O'Kane v. Mead Johnson Nutrition Co.*, 804 F. App'x 988, 990 (10th Cir. 2020) (unpublished) (treating a district court's decision to dismiss a case for failure to comply with its order to replead as a Rule 41(b) dismissal). The Court specifically and

---

No. 18] (granting until February 21, 2022, to comply with Court orders). Mr. Nichols did not submit any filings after his motion for an extension, never cured the deficiencies in his petition, and did not object to the Report and Recommendation or seek an extension of time to do so.

[3] The Federal Rules of Civil Procedure apply in § 2254 proceedings. *See* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

repeatedly warned Mr. Nichols that failure to comply with orders of the Court would result in dismissal of this action without prejudice to refiling without further warning or opportunity to cure. *See, e.g.*, Order of Jan. 10, 2022 [Doc. No. 16] at 5; Order of Jan. 28, 2022 [Doc. No. 18] at 1.

Accordingly, the Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 15] as MODIFIED herein to account for [Doc. Nos. 16 and 18] and DISMISSES the petition without prejudice. The Court DENIES Mr. Nichols's remaining motions [Doc. Nos. 12, 13, and 14] as moot. The Court also DENIES a certificate of appealability under Rule 11 of the Habeas Rules, as reasonable jurists could not conclude either that the Court erred in its ruling or that the issues presented should be allowed to proceed further in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED this 1st day of March 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE